Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EDGAR MAYO MELÉNDEZ Y MARÍA DEL LORETTO GARCÍA MERINO<br><br>Peticionaria<br><br>v.<br><br>JORGE R. JARROT SIERRA Y ANDREA GISSELLE GONZÁLEZ NARVÁEZ<br><br>Recurrida | TA2026AP00551 | APELACIÓN acogida como *CERTIORARI* Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.: SJ2024CV05895<br><br>Sobre: Injunction (Entredicho provisional, Injunction preliminar y permanente) |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de junio de 2026.

Comparece ante nos Edgar Mayo Meléndez y María Del Loretto García (en adelante, señores Mayo-García o peticionarios), mediante el presente recurso de *Apelación*, acogido por esta Curia como uno de *certiorari*,[1] y solicita que revoquemos la *Orden* emitida y notificada el 17 de abril de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[2]

Mediante el aludido dictamen, el TPI declaró No ha lugar la solicitud de desacato y los remedios solicitados por la parte peticionaria, a saber, la revocación de permiso, paralización de obras no autorizadas y la demolición de obras, por hechos ocurridos con posterioridad a la *Sentencia* emitida y notificada el 14 de marzo de 2025.

---

[1] Mediante Resolución emitida el 3 de junio de 2026, este Tribunal de Apelaciones acogió el recurso de *Apelación* presentado el 1 de junio de 2026, como uno de *Certiorari*, por tratarse de una resolución interlocutoria post sentencia, aun cuando conserve la misma identificación alfanumérica.

[2] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 249.

Estudiado el legajo apelativo, en virtud del derecho aplicable que más adelante consignamos, resolvemos denegar la expedición del auto de *certiorari*.

**-I-**

El 19 de julio de 2024, los señores Mayo-García presentaron una *Petición Enmendada* en virtud del Artículo 14.1 de la Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161-2009 (23 LPRA sec. 9011 *et seq.*).[3] En síntesis, alegaron que Jorge R. Jarrot Sierra y Andrea Gisselle González (en adelante, señores Jarrot-González o recurridos), propietarios del inmueble colindante a su residencia, realizaron obras de construcción en contravención a la reglamentación vigente y sin haberse otorgado el correspondiente permiso. En particular, se impugnó: la construcción de pared, jardinería y ducha en lateral izquierdo, pegado a la colindancia y no autorizado en el plano de construcción; y la construcción de estructura en columnas en el patio posterior no autorizada en el plano de construcción. A raíz de ello, se presentaron dos querellas ante el Municipio Autónomo de San Juan (Municipio).[4]

Ante ello, los peticionarios solicitaron al TPI que: 1) señalara vista para dilucidar la referida Petición, según el Artículo 14.1 de la Ley Núm. 161-2009, *supra*, dentro de los siguientes 10 días; 2) ordenara la revocación del Permiso de Construcción enmendado; 3) ordenara la paralización de la obra; y 4) ordenara la demolición de las obras construidas.

---

[3] SUMAC TPI, Entrada Núm. 23. Nótese, la controversia de autos se originó el 26 de junio de 2024. Sin embargo, se planteó falta de parte indispensable por no incluir a la cónyuge del señor Mayo Meléndez y la cónyuge del señor Jarrot Sierra, copropietarias de los inmuebles en controversia. Así, el TPI concedió término para presentar enmienda a la petición y expedir los correspondientes emplazamientos.

[4] La primera querella se presentó el 12 de marzo de 2024, la cual culminó en la imposición de una multa administrativa, orden de paralización y presentación de un *injunction* por el Municipio en el Tribunal de Primera Instancia. Valga destacar, el Municipio desistió de su acción, tras la obtención de nuevo permiso por parte de los recurridos. Por otro lado, el 14 de mayo de 2024, los peticionarios presentaron la segunda querella. Allí, se argumentó que los planos de construcción infringían la reglamentación vigente y que, en efecto, el Municipio había determinado que los patios laterales incumplían con tal normativa. Añadió, que el Municipio recomendó presentar una consulta de construcción.

Tras el curso procesal que prosiguió en el caso de epígrafe, en atención a una *Moción sobre Sentencia Sumaria y Memorando en Apoyo* presentada por los peticionarios,[5] y su respectiva oposición,[6] el 14 de marzo de 2025, el TPI emitió *Sentencia*.[7] Allí, el foro primario concluyó:

1. Los Demandados cuentan con los permisos reglamentarios requeridos para las obras de construcción realizadas en su propiedad, como evidencian tanto el Permiso de Construcción original (2023-511313-PCOC-039314) expedido por la OGPe el 22 de septiembre de 2023, como el Permiso de Construcción enmendado (2023-511313-PCOC-304591) emitido el 6 de mayo de 2024.

2. Resulta significativo que el [Municipio], tras haber iniciado una acción legal en contra del codemandado Jorge R. Jarrot Sierra mediante Petición de *injunction* (caso SJ2024CV03564), presentó una Moción de Desistimiento el 7 de mayo de 2024. El [Municipio] fundamentó explícitamente su desistimiento en el hecho de que el señor Jarrot Sierra "obtuvo permiso para las obras en violación que mantenía en su propiedad mediante enmienda", reconociendo así la legalidad de la construcción bajo el nuevo permiso enmendado. Este Tribunal toma conocimiento judicial de dicho caso, sus procedimientos y determinaciones, conforme a la Regla 201 de Evidencia, supra.

3. El Ing. Izquierdo, en su calidad de perito de los Demandados, realizó un análisis técnico del proyecto y determinó categóricamente que el permiso enmendado "cubre todas las obras como se observa en los planos", contradiciendo la alegación central de los Demandantes. Su informe pericial establece que la única cuestión pendiente se limita a la Consulta de Construcción sobre los parámetros de los patios laterales, procedimiento que fue recomendado por el [Municipio].

De igual manera, el TPI ordenó el cese y desista de cualquier obra que se estuviera llevando a cabo en los patios laterales hasta que se resolviera la *Consulta de Construcción* pendiente. Por otro lado, desestimó las demás reclamaciones y remedios solicitados por los peticionarios, incluyendo, la revocación del permiso de construcción enmendado y la demolición de las obras construidas.

Con este proceder, los señores Mayo-García y los señores Jarrot-González, presentaron al TPI sus correspondientes *Memorando de Costas*.[8]

---

[5] SUMAC TPI, Entrada Núm. 93. Junto con la moción, se anejó el Informe Pericial del Ing. J.M. Izquierdo Encarnación, de febrero 2025.

[6] *Íd.*, Entrada Núm. 95. Se acompañó con la oposición, los siguientes anejos: Informe de PORTCUS CSP-parte[s] [1-12]; y, Planos- parte[s] [1-12].

[7] *Íd.*, Entrada Núm. 98.

[8] *Íd.*, Entradas Núms. 99, 101.

Obsérvese que, mediante *Resolución Interlocutoria* emitida el 25 de marzo de 2025, el foro primario dispuso que, de una lectura de la *Sentencia*, se colige que el pleito no fue resuelto a favor de una parte exclusivamente.[9] De modo que, el TPI declaró No ha lugar a la solicitud de memorando de costas presentado por las partes. Cabe señalar, los recurridos instaron reconsideración,[10] la cual fue declarada No ha lugar.[11]

Ahora bien, el 31 de marzo de 2025, los peticionarios instaron *Moción sobre Reconsideración*, en la que se disputó que en el caso de epígrafe hay controversia sobre la existencia de un permiso válido.[12] Se arguyó que, el TPI erró en la interpretación de la evidencia y en la aplicación del derecho. Por lo cual, los señores Mayo-García solicitaron que el foro primario señalara vista para considerar si existe un permiso válido, que concediera las costas solicitadas, además, ordenara la demolición de lo ilegalmente construido y la paralización de la obra. Así, el 31 de marzo de 2025, el TPI emitió resolución declarando No ha lugar la solicitud de reconsideración instada por los peticionarios.[13]

Aun así, y en lo pertinente al presente recurso, el 18 de marzo de 2026, los peticionarios presentaron ante el TPI *Moción Solicitando Revocación de Permiso, Paralización de Obras no autorizadas, Demolición de Obras y sobre otros extremos*.[14] En su moción, informaron al Tribunal que los recurridos no cesaron las obras en los patios laterales y concluyeron la obra. Ello, posterior a la sentencia del caso de epígrafe en la que se ordenó del cese y desista de cualquier obra en los patios laterales hasta resolverse la Consulta de Construcción pendiente. Además, expresaron que la Consulta de Construcción ordenada por el Tribunal fue archivada sin perjuicio el 14 de

---

[9] *Íd.*, Entrada Núm. 102.

[10] *Íd.*, Entrada Núm. 103.

[11] *Íd.*, Entrada Núm. 104.

[12] *Íd.*, Entrada Núm. 105. Se presentaron como anejos: Informe de Investigación y Citación Ing. Gladys Maldonado.

[13] *Íd.*, Entrada Núm. 106. Notificada el día 01 de abril de 2025.

[14] *Íd.*, Entrada Núm. 107. Se anejaron los siguientes: Resolución de Archivo sin perjuicio expedida por el Municipio de San Juan y Fotos proyecto tomadas el 14 febrero 2026.

octubre de 2025, por la Oficina de Permisos del Municipio.[15] Enfatizaron que se acompañaba como evidencia fotos que fueron tomadas el 14 de febrero de 2026, evidenciando que los recurridos no cesaron en su obra. Valga destacar, los peticionarios indicaron que presentaron una nueva querella.[16] No obstante, recurrían al Tribunal debido a que el Municipio no cumplió con su deber ministerial de revocar el permiso, paralizar obra y ordenar la demolición.

A esos efectos, los peticionarios solicitaron: 1) que nuevamente, se ordenara la paralización y la demolición de la obra en los patios laterales que los recurridos continuaban construyendo de forma ilegal; 2) que, ante el incumplimiento y abandono a lo ordenado, se encontraran incursos en desacato a los recurridos; y, 3) se señalara vista sobre este asunto dentro de los 10 días naturales desde la presentación de dicha moción.

En vista de lo anterior, el 18 de marzo de 2026, el TPI emitió *Orden de Mostrar Causa*, por la cual no debía hallar incursos en desacato por incumplir la *Sentencia* del 14 de marzo de 2025 y conceder los remedios que solicitaron los peticionarios. A su vez, el foro primario señaló vista para el 6 de abril del mismo año.[17]

En oposición, el 31 de marzo de 2025, los recurridos presentaron posición.[18] Señalaron que, las fotos presentadas por los peticionarios en su moción post sentencia, datan del año 2024. Es decir, antes de la fecha de la sentencia emitida en el caso. Además, señalaron que las fotos restantes, confirman y corroboran trabajos de terminaciones y pintura. Arguyeron que, posterior a la sentencia, solo restaban trabajos de terminación, puesto que la obra principal ya estaba realizada.

---

[15] Caso Número: 2023-511313-CCO-014665.
[16] Número de Querella: 2025-SLQ-307467.
[17] *Íd*., Entrada Núm. 109.
[18] *Íd*., Entrada Núm. 110.

En particular, argumentaron que después del 14 de marzo de 2025, no se realizó ninguna construcción estructural nueva, sino, trabajos típicos de terminaciones, seguridad, mantenimiento y acondicionamiento propios de una residencia principal, no de expansión ni construcción nueva, limitados a: pintura, instalación de losa y acabados. Se añadió que, de manera errada y temeraria, los peticionarios pretendían convertir el archivo sin perjuicio de la consulta de construcción, a una determinación de ilegalidad, al pretender relitigar controversias ya adjudicadas por el Tribunal.

Conforme surge del expediente, el 6 de abril de 2026, se llevó a cabo la vista la Vista de Mostrar Causa. Conforme la *Minuta*, el foro primario hizo constar que la ley del caso es la sentencia y no constaba en autos una revocación de la misma, adviniendo, final y firme.[19] Valga destacar, el TPI expresó:

> [Se] hace constar que el Tribunal ya determinó que las obras, luego de obtener los permisos, se hicieron conforme a derecho y hace referencia a la Ley de Reforma de Permisos. Que las fotografías sometidas no son posteriores a la sentencia emitida ya que tienen fecha del 2024. Que no se puede atender una solicitud de revocación de permisos porque ese asunto ya fue atendido en el caso. […] [Se] hace constar que pintar y colocar ventanas no constituye una obra de construcción conforme la Ley de Reforma de Permisos. […] Luego de escuchar los argumentos de las partes, el Tribunal hace constar que la parte demandante pretende re litigar asuntos que previamente fueron atendidos y resueltos mediante sentencia.

Con este proceder, el foro primario declaró No ha lugar la solicitud de desacato y dispuso que este es un caso juzgado y resuelto.

A la luz de lo anterior, los recurridos instaron moción solicitando imposición de honorarios por temeridad el 10 de abril de 2026.[20] Así las cosas, y tras concederle término a los peticionarios para expresarse, los señores Mayo-García presentaron moción en cumplimiento de orden.[21] Allí, señalaron que el TPI, erróneamente, había interpretado su solicitud como

---

[19] *Íd.*, Entrada Núm. 112.
[20] *Íd.*, Entrada Núm. 113.
[21] *Íd.*, Entrada Núm. 115.

una de desacato de la *Sentencia* del 14 de marzo de 2025 y no como un reclamo nuevo por hechos ocurridos después de la referida sentencia. Por otra parte, indicaron que en la vista de desacato el Tribunal había expresado que no concedería honorarios, por lo cual la solicitud de los recurridos debía ser denegada.

De ahí que, el 17 de abril de 2026, el foro primario emitió la *Orden* recurrida, en la que dispuso No ha lugar a la imposición de honorarios. Específicamente, enunció lo siguiente: "En cuanto a la imposición de honorarios, No Ha Lugar. Luego de escuchar los argumentos esbo[z]ados, así como las fotografías presentadas en los escritos, advertimos durante la vista que lo relacionado en cuanto a los permisos fue atendido y resuelto previamente. Ante la ausencia de prueba sobre construcciones ilegales, posterior al dictamen judicial, el desacato no procede, por lo que se declaró no ha lugar a la solicitud de desacato. Véase Minuta"

En desacuerdo, el 30 de abril de 2026, los peticionarios presentaron *Moción sobre Reconsideración*.[22] Allí se alegó que los recurridos incumplieron con el trámite de la consulta de construcción, lo cual justifica un remedio bajo la Ley 161-2009, *supra*. Por otro lado, se imputó al TPI errar en la aplicación del derecho, al limitarse a atender la moción como una de desacato.

En el mismo día, mediante *Resolución Interlocutoria*, el TPI declaró No ha lugar la reconsideración.[23] Inconforme aun, el 1 de junio de 2026, los peticionarios acudieron ante nos mediante el recurso de epígrafe y señalaron la comisión de los siguientes errores:

> ERRÓ EL TPI AL NO APLICAR LA LEY NUM. 161 DEL 1 DE DICIEMBRE DE 2009, SEGÚN ENMENDADA, Y EN SU LUGAR, SE LIMITÓ A EVALUAR SI EXISTÍA UN DESACATO PARTIENDO DE LA SENTENCIA NOTIFICADA EL 14 DE MARZO DE 2025, LO CUAL CONSTITUYE UN ERROR DE DERECHO.

---

[22] *Íd.*, Entrada Núm. 118. Se presentaron como anejos los siguientes: Informe de Investigación, Resolución de Archivo sin Perjuicio Municipio de San Juan y Carta Oficina de Permisos Municipio de San Juan 6 de febrero 2026.
[23] *Íd.*, Entrada Núm. 120.

ERRÓ EL TPI EN LA INTERPRETACIÓN DE LOS HECHOS, YA QUE LA MOCIÓN DEL 18 DE MARZO DE 2026 VERSA SOBRE HECHOS OCURRIDOS DESPUÉS DE LA SENTENCIA DEL 14 DE MARZO DE 2025, ACCIONABLES BAJO LA LEY NUM. 161, SUPRA. ESTA EVALUACIÓN ERRÓNEA DE LA PRUEBA Y/O DE LOS ARGUMENTOS RESULTA EN UN ERROR DE HECHO.

Por su parte, tras concederle término para comparecer, el 12 de junio de 2026, los recurridos presentaron *Escrito en cumplimiento de Resolución, Oposición a la expedición del auto de certiorari y solicitud de desestimación*.[24]

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos

---

[24] En síntesis, en su comparecencia establecen que el recurso no satisface los criterios para la expedición de un *certiorari*. En particular, señalan y discuten que el remedio y la resolución recurrida no son contrarios a derecho, la situación de hechos no presenta una controversia que requiera el ejercicio de nuestra facultad extraordinaria de revisión, no existe prejuicio, parcialidad ni error craso en la apreciación de la prueba por parte del foro primario, el caso no requiere consideración adicional de los autos originales, la etapa procesal del caso no favorece nuestra intervención, la expedición del auto de *certiorari* produciría un fraccionamiento indebido del litigio y su denegación no produce fracaso de la justicia. Además, afirman que el recurso de epígrafe constituye un segundo intento de los peticionarios para litigar nuevamente controversias ya adjudicadas.

indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[25] Estos criterios, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

**-III-**

Previo a atender los planteamientos traídos por los peticionarios en su recurso, es menester señalar que como ya señalamos al acoger la apelación instada como un *certiorari*, la controversia de autos es revisable mediante tal auto discrecional, por tratarse de la revisión judicial de una determinación interlocutoria dictada post sentencia.[26] A través de su recurso, los peticionarios aducen que el foro primario incidió al no aplicar la Ley Num. 161-2009, *supra*, limitándose a evaluar si existía un desacato partiendo de la *Sentencia* notificada el 14 de marzo de 2025, lo cual constituye un error de derecho. De igual forma, nos plantean que erró el TPI en la interpretación de los hechos y la evaluación de la prueba, puesto que la moción del 18 de marzo de 2026 versa sobre hechos ocurridos después de la sentencia del 14 de marzo de 2025.

Examinados tales planteamientos, y tras un cuidadoso estudio del expediente judicial, resolvemos no intervenir con la *Orden* recurrida. Según arriba relatamos, la controversia que nos ocupa surgió el 18 de marzo de 2026, cuando los peticionarios presentaron ante el TPI una *Moción Solicitando Revocación de Permiso, Paralización de Obras no autorizadas, Demolición de Obras y sobre otros extremos*. Allí los peticionarios solicitaron

---

[25] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

[26] *Banco Popular de Puerto Rico v. Gomez Ayalón*, 213 DPR 314 (2023).

que: 1) se ordenara la paralización y la demolición de la obra en los patios laterales; 2) se encontraran incursos en desacato a los recurridos; y, 3) se señalara vista para dilucidar la controversia. Conforme surge del expediente judicial, El TPI tuvo ante sí y evaluó en sus méritos el reclamo de los peticionarios. Así pues, tras la celebración de una vista, en la cual se evaluaron los argumentos de las partes y la evidencia presentada, el foro primario resolvió que las imputaciones de los peticionarios a la parte recurrida no tenían méritos. Inclusive, el TPI hizo constar que los peticionarios pretendían re litigar asuntos que previamente fueron atendidos y resueltos mediante sentencia final y firme.

No nos parece que la determinación cuya revocación nos solicitan los peticionarios sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad, ni abuso de discreción por parte del TPI o que la expedición del auto evite el fracaso de la justicia, mereciendo, pues, nuestro respeto.

-**IV**-

Por todo lo antes consignado, denegamos expedir el auto de *certiorari* solicitado por los señores Mayo-García.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones